UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:19CR132 AGF(NAB) |
| ) | |
| JERMEL RUSH, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter is before the Court on Defendant's pretrial motions. On February 4, 2019, Defendant was indicted on twelve felony counts of Hobbs Act Robbery, Possessing or Brandishing a Firearm in Furtherance of a Crime of Violence, and being a Felon in Possession of a Firearm. All pretrial motions were referred to United States Magistrate Judge Nannette A. Baker under 28 U.S.C. § 636(b).

Defendant moved to dismiss the indictment based on an alleged violation of the right to a speedy trial under the Speedy Trial Act (the "Act"), 18 U.S.C. § 3161. (Doc. No. 28.) The United States opposed the motion. The Magistrate Judge held a hearing on August 5, 2019, at which the parties offered argument and admitted certain exhibits. Judge Baker thereafter provided the parties with copies of the audio of the hearing and the parties filed post-hearing memoranda.

On March 20, 2018, the Magistrate Judge issued a Report and Recommendation (the "R&R"), recommending that Defendant's motions to dismiss be denied. (Doc. No. 40.) Defendant filed objections to the R&R, and the United States filed a response. When a party objects to a report and recommendation in a criminal case, the court is

required to make a *de novo* review determination of those portions of the record or specified proposed findings to which objection is made. *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (quoting 28 U.S.C. § 636(b)(1)). The Court conducted a *de novo* review of the motion to dismiss, including a review of the audio recording of the hearing. Based on that review, the undersigned finds that the Magistrate Judge correctly analyzed the issues and reached proper conclusions in the R&R, which the Court adopts and incorporates herein.

### Relevant Pretrial Proceedings

The facts relevant to the motion are set forth more fully in the R&R, and are not in dispute. In summary, Defendant was indicted on February 4, 2019, and was thereafter arrested pursuant to a Writ of Habeas Corpus. On February 15, 2019, the United States filed a motion for pretrial detention. (Doc. No. 3.) On February 28, 2019, Defendant was brought before Magistrate Judge Patricia Cohen for an initial appearance. Counsel was appointed for Defendant, and an arraignment before Judge Baker was scheduled for March 7, 2019. On March 5, 2019, Defendant appeared for a detention hearing. At that time defense counsel requested a continuance of the detention hearing pending the outcome of a motion for psychiatric exam (Doc. Nos.12 & 13), and Judge Cohen thereafter granted the motion for a continuance. (Doc. No. 20.) Meanwhile, on March 6, 2019, Judge Baker also vacated the arraignment at Defendant's request, and set a status conference for March 7, 2019. At the status conference, defense counsel requested a continuance of the arraignment pending the outcome of the motion for psychiatric exam, which Judge Baker granted. Defendant's motion for a psychiatric exam was also

granted, and was ordered to be conducted locally.   Defense counsel thereafter filed the report of a forensic psychiatrist who concluded Defendant was not competent.   On April 4, 2019, Magistrate Judge Baker held a competency hearing.   Neither party objected to the report, and on April 5, 2019, Judge Baker issued an order finding that Defendant was not competent to proceed, and ordering that Defendant be committed to the custody of the Attorney General for treatment in a suitable facility, pursuant to 18 U.S.C. § 4241(d) (the "Competency Restoration Order").

On May 22, 2019, after defense counsel inquired when Defendant would leave for his treatment, the parties learned that the United States Marshals Service (USMS) had never received the Competency Restoration Order committing Defendant for hospitalization.   On May 23, 2019, a copy of the sealed Order was delivered to the USMS.   Ultimately, Defendant was designated by the Bureau of Prisons for transport during the week of July 29, 2019 to the Federal Medical Center in Butner, North Carolina, and was admitted to the facility on August 5, 2019.

On July 8, 2019, Defendant filed a motion to dismiss, contending that the Speedy Trial Act was violated pursuant to 18 U.S.C. § 3161(h)(1)(F), because more than ninety days for transport had transpired between the April 5, 2019 Competency Restoration Order and Defendant's arrival at the facility on August 5, 2019.   Arguing that § 3161(h)(1)(F) allows the exclusion of only ten days for transportation, Defendant asserts that the Act has been violated.

In her R&R, Judge Baker recommended that the motion to dismiss be denied. At the outset, Judge Baker ruled that the speedy trial clock had not yet commenced, because 18 U.S.C. § 3161(c), which sets forth the 70-day time period, by its terms, applies only "in any case in which a plea of not guilty is entered." 18 U.S.C. §3161(c)(1). Defendant has not yet entered any plea; his arraignment was continued at Defendant's request pending the completion of competency proceedings, and such proceedings have not yet been completed. Nonetheless, the Magistrate Judge addressed Defendant's arguments with respect to the Act, as she determined that if Defendant does enter a plea of not guilty, the speedy trial clock would begin to run from the date of Defendant's initial appearance.

Second, citing cases including *United States v. McGhee*, 532 F.3d 733, 736 (8th Cir. 2008), the Magistrate Judge found that the entire period of time from the date of the Competency Restoration Order until Defendant's receipt at the facility is excluded under § 3161(h)(4), and that neither § 3161(h)(1)(A) nor § 3161(h)(1)(F) operate to limit that exclusionary period. Further, Judge Baker rejected Defendant's argument that the four-month time period allowed for hospitalization under 18 U.S.C. § 4241(d) (coupled with ten days for transportation), caps the time period allowed for the transportation and initial hospitalization.

Finally, the Magistrate Judge concluded that the Act was not violated because the motion for pretrial detention is still outstanding, and under § 3161(h)(1)(D), the time period from February 15, 2019 forward is excluded pending a determination of that motion.

4

## DISCUSSION

Defendant filed objections to the R&R, raising essentially the same legal arguments asserted in the motion to dismiss. The Court has reviewed the matter *de novo*, including a review of the Court file and the parties' memoranda, and has listened to the parties' argument at the hearing. Based upon that *de novo* review, the Court agrees with the thorough reasoning of the Magistrate Judge, and finds that Defendant's objections are not well-taken.

First, for the reasons stated in the R&R, the Court agrees that at this point in time, the speedy trial clock is not yet applicable, because Defendant has not entered a plea of not guilty. *United States v. O'Dell*, 154 F.3d 358, 360 (6th Cir. 1998). The applicable section of the Act, which sets forth the 70-day time period for trial, applies "[i]n any case in which a plea of not guilty is entered…" 18 U.S.C. § 3161(c)(1). The arraignment, at which such a plea could be entered, was continued on Defendant's own motion, pending a determination of Defendant's competency, and has not yet occurred.[1]

The Court further agrees with the Magistrate Judge's conclusion that the time period between the date of the Competency Restoration Order and Defendant's arrival at the facility is excluded under § 3161(h)(4), which excludes "[a]ny period of delay resulting from the fact that the defendant is mentally incompetent tor physically unable to stand trial." Indeed, in addressing competency evaluations, the Eighth Circuit, citing

---

[1] In light of this finding, an argument can be made that further discussion is unnecessary until Defendant enters a plea of not guilty, at which time Defendant can renew his motion to dismiss on this ground. Nonetheless, as the matter has been fully briefed, and Defendant's arguments – if accepted – would support a finding of a violation of the Act, the Court will address Defendant's other objections.

*McGhee*, 532 F.3d 736-738, has held that days attributable to delay in transportation to the facility for evaluation as well as days exceeding the deadline for filing the report should be excluded from the speedy-trial computation under the Act. *United States v. Walker*, 840 F.3d 477, 484 (8th Cir. 2016) (holding that approximately 60-day delay in transportation to the MCC facility and 14 days by which the MCC exceeded the district court's deadline were excluded from the speedy-trial computation as part of the competency proceedings).

The Court is unpersuaded by Defendant's argument that under *Bloat v. United States,* 559 U.S. 196, 207 (2010), the more specific provision found in §3161(h)(1)(F) controls over the more general provision in § 3161(h)(4). In *Bloat*, the Supreme Court addressed whether a continuance granted to give the parties more time to file pretrial motions was automatically excluded under subparagraph (h)(1)(D), or whether "ends of justice" findings were required by subparagraph (h)(7). The Court held that specific findings were required because the general language of subsection (h)(1)(D) could not control over the more specific language of section (h)(7), which explicitly dealt with continuances. *Id.* 207-08. But here, the Court agrees there is a distinction between proceedings under § 3161(h)(1), to conduct an examination to determine whether a defendant is mentally competent, and delay that, like here, results from the fact that a defendant has been determined to be mentally incompetent. It is the latter provision that specifically addresses the situation here. Further, both *Walker* and *McGhee* were decided by the Eighth Circuit well after the decision in *Bloat*.

6

The Magistrate Judge recognized in the R&R that there is a split of authority on the application of subsection § 3161(h)(1)(F) to subsection 3161(h)(4), and that the Eighth Circuit has not yet ruled on the matter. But like the Magistrate Judge, the Court is persuaded by the reasoning of the cases from the Circuit Courts that have addressed the matter. *See United States v. Patterson*, 872 F.3d 426, 433 (7th Cir. 2017); *United States v. Pendleton*, 665 F. App'x 836, 839 (11th Cir. 2016); *United States v. Romero*, 833 F.3d 1151, 1155-56 (9th Cir. 2016); *United States v. Brennan*, 354 F. Supp. 3d 250, 266 (W.D.N.Y.), *aff'd*, 928 F.3d 210 (2d Cir. 2019).

The delay that occurred here as a result of the tardy receipt of the Order by the USMS is most unfortunate. And the Court is not unmindful of Defendant's argument that this reasoning could arguably permit a defendant to be delayed indefinitely – perhaps forever – in a local facility with no treatment or services. But no such delay has occurred in this case. And any case posing such delay would arguably be subject to challenge as a due process violation. Further, the proceeding at issue here is a weighty matter: getting a defendant who has been found to be incompetent to stand trial to a proper facility for treatment and a determination whether his competency can be restored, such that court proceedings may then go forward consistent with the requirements of the Act.

Finally, the Court agrees that the motion to dismiss should be denied on an independent ground, as the time period at issue is excluded in any event due to the pendency of the motion for pretrial detention that was filed on February 25, 2019. The plain language of 18 U.S.C. § 3161(h)(1)(D) excludes "delay resulting from any pretrial

7

motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of such motion."  The cases cited in the R&R recognize that an oral or written motion for pretrial detention is included within the meaning of such motions. Defendant objects to this conclusion, arguing that the cases excluding the time periods for determination of a pretrial detention motion were normally very brief periods, lasting days, not months, and that a period of nine months, and counting, cannot constitute a "prompt disposition."

While the Court agrees that hearings on pretrial detention motions are typically held within days, and the decisions rendered promptly thereafter, the Court notes that here it was Defendant who requested that the hearing be delayed pending a determination of Defendant's competency.  That request was reasonable and necessary, as a defendant who is not competent cannot be subjected to court proceedings.  But the motion for pretrial detention nonetheless justifiably remains outstanding.  Moreover, the bulk of the time period here is attributable to reasonable efforts to provide treatment and restore Defendant to competency.

For these reasons, and the reasons set forth more fully in the R&R, which the Court adopts and incorporates, Defendant's motion to dismiss on speedy trial grounds will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge [40] is **SUSTAINED, ADOPTED, AND INCORPORATED** herein, and Defendant's Objections [Doc. No. 45] are **OVERRULED**.

8

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss, based on an alleged violation of the Speedy Trial Act, [Doc. No. 28] is **DENIED**.

The Clerk of Court is directed to unseal the Report and Recommendation filed herein. (Doc. No. 40).

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 6th day of February, 2020.